JAMES S. KILGORE AND OTHERS *vs.* JOHN MOORE AND OTHERS.

F. H. and K. were joint administrators of S., against whose estate there were certain claims by promissory notes, drawn by S., and endorsed by K. It was agreed among the executors to pay these notes in full out of the assets of S., and if they should prove insufficient for that purpose, that K. should make good the deficiency. It turned out that the assets were insufficient to pay simple contract debts in full: *Held,* That, as between the administrators, K. was liable, on his agreement, to make good the deficiency.

BEFORE JOHNSON, CH., AT NEWBERRY, APRIL, 1868.

This was a creditors' bill for administration of the personal estate of James Kilgore, deceased.

Simeon Fair and Peter Hair presented a claim against the estate, which arose out of the following circumstances: They and James Kilgore were joint administrators of John W. Summers, deceased. Shortly after the death of Summers, some promissory notes, held by an incorporated Bank, which had been drawn by him and endorsed by Kilgore, were presented for payment, and it being doubtful whether the assets of Summers were sufficient

to pay simple contract creditors in full, it was verbally agreed, between the three administrators, to pay the notes in full, and if it should turn out that the assets were insufficient for that purpose, then, that Kilgore should make good the deficiency. The notes were accordingly paid out of the assets of Summers, and it turned out, when his estate was finally wound up by Fair and Hair, as surviving administrators, Kilgore having died in the meantime, that the assets were insufficient to pay the promissory notes by about 35 per cent., and Fair and Hair claimed that the deficiency should be paid out of the assets of Kilgore's estate.

The Commissioner, to whom it had been referred to take an account of the debts of Kilgore, rejected the claim, and reported against it, but, on exception taken to the report, His Honor ruled that the claim was entitled to payment, and he so decreed.

The plaintiffs appealed, and now moved this Court to reverse the decree of His Honor, and confirm the report of the Commissioner.

*Baxter*, for the motion.

*Garlington*, contra.

Oct. 9, 1869. The opinion of the Court was delivered by

MOSES, C. J. To meet the question presented to the Court in this case, it is not necessary to inquire whether, in the absence of the agreement referred to, Fair and Hair, the surviving administrators of Summers, would have any legal remedy against James Kilgore, if alive, or his representatives, who are now before us.

While it is not to be denied that an executor or administrator, who, under misapprehension, might make a payment which would operate as a *devastavit* against himself, could recover back the money, still the principle cannot affect the parties here, because any right of action which they might have against the bank does not preclude them from enforcing the agreement made on adequate consideration with James Kilgore, in his lifetime.

It is competent for parties to change the relation in which they stand to each other as to their legal rights. Whilst a maker is responsible to his endorsers on a promissory note, they may vary or waive the liability; and, if they can establish such agreement by sufficient testimony, the law holds them fixed and bound by their contract.—*Brunson* vs. *O'Conner*, 10 Rich., 175.

The evidence in the case before the Court does not show that any change was made in the condition of the parties as to their respec-

13

tive positions on the Summers notes; but it was conclusive to prove that the payment of the notes endorsed by Kilgore out of the assets of the estate of Summers, by his administrators, (of whom Kilgore was one,) was made at his request, and upon the promise "that, if the estate did not hold out, the first endorser should pay the balance on the notes."

They may well demand of his administrators that they shall be placed in the same situation they would have occupied if they had not, at his request, paid the notes, and·been held to answer for the *devastavit* such payment made.

We are to suppose that they acted on the undertaking assumed by him, and they should not suffer a loss by carrying out an agreement made, at his request, for his benefit.

The motion is dismissed, and the decretal order of the Chancellor affirmed.

*Willard*, A. J., concurred.